UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x
THE BOGORAZ LAW FIRM,

           Plaintiff and Counter-Defendant,

           **MEMORANDUM AND ORDER**
- against-           23-CV-1023 (OEM) (LKE)

APOGEE CAPITAL FUND 5, LLC,

           Defendant and Counter-Plaintiff,

        -against-

HELEN JOHN

           Third-Party Defendant.
-----------------------------------------------------------------------x
ORELIA E. MERCHANT, United States District Judge:

Before the Court is Plaintiff the Bogoraz Law Firm's ("Bogoraz") motion for reconsideration of the Court's March 27, 2025 Memorandum and Order ("Order"), granting in part and denying in part Defendant Apogee Capital Fund 5, LLC's ("Apogee") motion for summary judgment. Bogoraz argues that the Court erred in granting summary judgment on Apogee's promissory estoppel claim by: (1) concluding that Apogee established each element of the claim, (2) misinterpreting the nature of the promise Bogoraz made to Apogee, and (3) finding that Apogee's reliance on the Attorney Certification was reasonable. Motion for Reconsideration ("Mot. for Recon."), ECF 61 at 2-4.

For the following reasons, Bogoraz's motion for reconsideration is granted in part.

## BACKGROUND

The Court assumes familiarity with the background of this case, which is set forth in detail in the Order. Briefly, on February 8, 2023, Bogoraz brought this action against Apogee seeking a declaratory judgment that no contract existed between it and Apogee. Bogoraz's Complaint, ECF

1

1. On October 31, 2023, Apogee filed an amended counterclaim against Bogoraz alleging: (1) breach of contract, (2) conversion, (3) promissory estoppel, (4) breach of fiduciary duty, (5) tortious interference with contract, (6) punitive damages, and (7) attorney's fees and costs. Apogee's Amended Counterclaim, ECF 29. On August 23, 2024, Apogee moved for summary judgment under Federal Rule of Civil Procedure 56.1. Apogee's Motion for Summary Judgment ("Apogee's Mot. for Summ. J."), ECF 48.

On March 27, 2025, the Court granted in part and denied in part Apogee's motion for summary judgment. *See* Order. The Court granted summary judgment on Apogee's conversion, promissory estoppel, and attorney's fees claims but denied the remaining claims. *Id.*

On April 7, 2025, Bogoraz moved for reconsideration of the Order, asserting clear error. *See* Mot. for Recon. Apogee filed an opposition on May 13, 2025. Apogee's Opposition, ECF 68. On June 24, 2025, Bogoraz filed a reply in further support of its motion. Bogoraz's Reply, ECF 71. On July 7, 2025, Apogee sought leave to file a motion to strike the reply. Apogee's Motion to Strike Reply, ECF 72.[1]

## STANDARD OF REVIEW

To succeed on a motion for reconsideration, the movant must show "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Metzler Investment Gmbh v. Chipotle Mexican Grill, Inc.*, 970 F.3d 133, 142 (2d Cir. 2020) (internal citation and quotation omitted). "A movant seeking reconsideration must specify the errors of law or fact in the previous order and support the motion with pertinent authority." *Xiu Juan Liu v. Lynch*, 670 F.App'x 28, 28 (2d Cir. 2016) (alteration in original) (citing 8 U.S.C. § 1229a(c)(6)(C)).

---

[1] Because the Court does not rely on Bogoraz's Reply in this ruling, Apogee's motion for leave to file a motion to strike is denied as moot.

A motion for reconsideration "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking [another] bite at the apple." *U.S. for Use & Benefit of Five Star Elec. Corp. v. Liberty Mut. Ins. Co.*, 758 F. App'x 97, 101 (2d Cir. 2018) (alteration in original) (quoting *Analytical Survs., Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012), *as amended*, (July 13, 2012)).  Nor is it "an opportunity for a [party] to . . . present arguments that could have been made before the judgment was entered." *Ethridge v. Bell*, 49 F.4th 674, 688 (2d Cir. 2022) (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)).

Reconsideration of a court's previous order is "an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *In re Initial Pub. Offering Sec. Litig.*, 399 F. Supp. 2d 298, 300 (S.D.N.Y. 2005) (internal citation and quotation omitted), *aff'd sub nom. Tenney v. Credit Suisse First Bos. Corp., Inc.*, 05-CV-3430, 05-CV-4759, & 05-CV-4760, 2006 WL 1423785, at *1 (2d Cir. 2006).  The decision to grant or deny a motion for reconsideration is "within 'the sound discretion of the district court.'" *Premium Sports Inc. v. Connell*, 10-CV-3753 (KBF), 2012 WL 2878085, at *1 (S.D.N.Y. July 11, 2012) (quoting *Aczel v. Labonia*, 584 F.3d 52, 61 (2d Cir. 2009)).

## DISCUSSION

Bogoraz seeks reconsideration of the Court's Order granting Apogee summary judgment as to its claim for promissory estoppel.  Mot. for Recon. at 2.  Of the three arguments Bogoraz advances, just one satisfies the motion for reconsideration clear error standard: that the Court

3

improperly shifted the summary judgment burden from Apogee to Bogoraz with respect to the fourth element of Apogee's promissory estoppel claim.[2]

Bogoraz argues that the Court "improperly imposed upon Bogoraz the burden of disputing an essential element of Apogee's [promissory estoppel counter] claim *without* first concluding that Apogee had sufficiently met its initial burden of establishing that there is no material issue of fact" as to that claim. Mem. of Law at 4. Specifically, Bogoraz contends that Apogee did not meet its burden to establish that enforcement of the promise was the only remedy that could prevent injustice. *See generally In re Weekley Homes, L.P.*, 180 S.W.3d 127, 133 (Tex. 2005).

A motion for summary judgment places the burden on the movant to show they are entitled to summary judgment as a matter of law, citing to particular evidence in the record, including depositions, documents, affidavits or declarations, interrogatory answers, or other admissible materials. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986); FED. R. CIV. P. 56(c)(1)(A)-(B). The court must then weigh this evidence in the light most favorable to the opposing party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). The burden shifts to the opposing party only after the moving party satisfies its initial burden. *Sheet Metal Workers' Nat'l Pension Fund v. Accra Sheetmetal LLC*, 993 F. Supp. 2d 245, 248 (E.D.N.Y. 2014).

Here, Apogee failed to satisfy its burden. That is, Apogee failed to demonstrate that there was no dispute of material fact as to the fourth element of its promissory estoppel claim or that it

---

[2] Bogoraz also argues that the "Court erred in interpreting the nature of the 'promise' that Bogoraz is alleged to have made in finding it was reasonable that Apogee would rely upon it." Memorandum of Law in Support of Motion for Reconsideration ("Mem. of Law"), ECF 61-1 at 5, and that the "Court erred in finding that Apogee's reliance on the Certification was reasonable as a matter of law," *id.* at 8. Neither argument points to "'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Metzler*, 970 F.3d at 142 (citations omitted). A motion for reconsideration is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple . . . .'" *Analytical Survs., Inc.*, 684 F.3d at 52 (citation omitted). Because these arguments reflect Bogoraz's attempt to relitigate old issues, they are unavailing.

4

was entitled to judgment as a matter of law with respect to that element. Weighed in the light most favorable to Bogoraz, as the nonmoving party, Apogee failed to satisfy its initial burden because it pointed to no evidence or law demonstrating that injustice could only be avoided through enforcement of the promise. The Court should have concluded that Apogee did not satisfy its burden. Instead, the Court concluded that because *Bogoraz* did "not dispute the fourth element of [the] promissory estoppel [counter] claim or contend that this 'injustice' can be avoided via means other than the 'enforcement of the promise[,]'" *Apogee* had established *its* burden that "there is no genuine dispute of fact as to" the counterclaim.[3] *Id.* at 27-28. However, although Bogoraz made no affirmative argument regarding this claim in opposition to Apogee's motion, "failure to oppose a motion for summary judgment alone does not justify the granting of summary judgment." *Vermont Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 244 (2d Cir. 2004). Therefore, upon reconsideration, Apogee's motion for summary judgment as to its promissory estoppel claim is denied.

Moreover, the Court granted Apogee's motion for attorney's fees under Texas Civil Practice & Remedies Code Section 38.001, which permits recovery of attorney's fees on a successful promissory estoppel claim. *See* Order at 28-31. Because Apogee's promissory estoppel claim is not successful, Apogee is not entitled to judgment as a matter of law on its promissory estoppel claim, and consequently, it is not entitled to attorney's fees under Texas Civil Practice & Remedies Code Section 38.001. Therefore, Apogee's motion for summary judgment as to its attorney's fees claim is also denied.

---

[3] The Court further concluded that Apogee was entitled to attorney's fees in part because it granted Apogee summary judgment on its promissory estoppel claim. Order at 28-31.

## CONCLUSION

For the reasons stated herein, Bogoraz's motion for reconsideration is granted as to Bogoraz's argument regarding the fourth element of Apogee's promissory estoppel claim and denied as to its other arguments. Apogee's motion for leave to file a motion to strike is denied as moot. On reconsideration, Apogee's motion for summary judgment based on its promissory estoppel and attorney's fees claims is denied. Furthermore, the Order is vacated to the extent that it granted Apogee's motion for summary judgment as to its promissory estoppel and related attorney's fees claims.

SO ORDERED.

                                                                                                                        _/s/_
                                                      ORELIA E. MERCHANT
                                                      United States District Judge

July 28, 2025
Brooklyn, New York